UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------X
HOPKINS HAWLEY LLC d/b/a SEAPORT          :
HOUSE, THE GREATER NEW YORK               :
MERCHANTS' ALLIANCE, and COSTIN           :
TARSOAGA, on behalf of themselves and all :
others similarly situated,                :    20-cv-10932 (PAC)
                                          :
            Plaintiffs,                   :
                                          :    ORDER
      -against-                           :
                                          :
ANDREW CUOMO, in his personal and         :
official capacity as Governor of the State of :
New York, THE NEW YORK CITY               :
DEPARTMENT OF FINANCE, THE NEW            :
YORK CITY SHERIFF'S DEPARTMENT,           :
and BILL DE BLASIO, in his personal and   :
official capacity as Mayor of the City of New :
York,                                     :
                                          :
            Defendants.                   :
------------------------------------------------------------X
```

The Court held a telephonic conference on January 6, 2021 to discuss the Plaintiffs' motion for a Temporary Restraining Order (TRO) and Preliminary Injunction enjoining Governor Cuomo's latest COVID-19 restrictions on restaurant dining in New York City. For the reasons stated on the record, Plaintiffs' TRO request is **DENIED**.

Where, as in here, an injunction "will affect government action taken in the public interest pursuant to a statute or regulatory scheme, the moving party must demonstrate (1) irreparable harm absent injunctive relief, (2) a likelihood of success on the merits, and (3) public interest weighing in favor of granting the injunction." *Agudath Israel of Am. v. Cuomo*, No. 20-3572, 2020 WL 7691715, at *6 (2d Cir. Dec. 28, 2020) (cleaned up); *see Murray v. Cuomo*, 460 F. Supp. 3d 430, 442 (S.D.N.Y. 2020). The Plaintiffs have failed to meet this three-factor test—

1

namely the irreparable harm and public interest factors—and therefore their TRO petition must be denied.  As the Court noted during the conference, Governor Cuomo's directive banning indoor dining in New York City was announced on December 11, 2020.  *See Governor Cuomo Announces Updated Zone Metrics, Hospital Directives and Business Guidelines*, Governor's Press Office (Dec. 11, 2020), available at https://www.governor.ny.gov/news/governor-cuomo-announces-updated-zone-metrics-hospital-directives-and-business-guidelines.  Yet the Plaintiffs filed for a TRO seeking enjoinment of Governor Cuomo's policy nearly three weeks later, on December 30, 2020.  (ECF 16.)  This lack of immediacy belies the notion that the Plaintiffs' alleged harm is irreparable and in need of TRO relief.  *See* Fed. R. Civ. P. 65(b)(1)(A) (explaining that a party seeking a TRO must "show that immediate and irreparable injury, loss, or damage will result"); *see also Lee v. Haj*, No. 116CV00008DADSAB, 2016 WL 8738428, at *2 (E.D. Cal. Feb. 22, 2016) (finding no irreparable harm where plaintiffs had "not shown that the potential harm they face is so immediate to justify issuing a temporary restraining order").

Moreover, the Court also finds the public interest factor to weigh in favor of denying the TRO request.  As the Supreme Court recently explained, "Stemming the spread of COVID-19 is unquestionably a compelling interest."  *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67 (2020).  "And judges are not public health experts and should respect the judgment of those with special expertise and responsibility in this area."  *Agudath Israel*, No. 20-3572, 2020 WL 7691715, at *10.  Because Governor Cuomo's latest restaurant dining policy constitutes a prophylactic measure designed to safeguard the welfare and safety of the New York City public against the COVID-19 virus, the Court will presume the policy is valid until a more complete record indicates otherwise.  *See S. Bay United Pentecostal Church v. Newsom*, 140 S. Ct. 1613, 207 L. Ed. 2d 154 (2020) (C.J. Roberts, concurring) ("The precise question of when restrictions

on particular social activities should be lifted during the pandemic is a dynamic and fact-intensive matter subject to reasonable disagreement.  Our Constitution principally entrusts the safety and the health of the people to the politically accountable officials of the States to guard and protect.") (cleaned up); *Jacobson v. Massachusetts*, 197 U.S. 11, 38 (1905).

In denying the TRO request, the Court expresses no view on the merits of Plaintiffs' pending application for a Preliminary Injunction.  The state and city entities are directed to respond to the Preliminary Injunction application by January 13.  The Plaintiffs are directed to reply by January 19.  A virtual hearing on the Preliminary Injunction motion will be held on January 21 at 12:30 PM.

Dated: New York, New York       SO ORDERED
January 8, 2021

                                                        _____
                                                        HONORABLE PAUL A. CROTTY
                                                        UNITED STATES DISTRICT JUDGE